UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
MAY 19 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CRIMINAL NO. 06-30005 |
| STEPHEN GRIGGS, | ) ) ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Gregory M. Gilmore, Assistant United States Attorney, and the defendant, Stephen Griggs, personally and by his attorney, Mo Madonia, have agreed upon the following:

### THE PLEA

1. The defendant will enter a Plea of Guilty to the Indictment in this cause, charging him with a single count of Bank Fraud in violation of 18 U.S.C. Sections 1344 (1) and (2).

### ELEMENTS OF THE CHARGE

2. The offense of Bank Fraud has the following elements, each of which must be proven beyond a reasonable doubt.

- First, there was a scheme or artifice to defraud a bank of money;

- Second, the defendant participated in the scheme by means of false pretenses, representations or promises which were material;

- Third, the defendant acted knowingly with a specific intent to defraud the bank; and

- Fourth, the bank was insured by the FDIC.

## POTENTIAL PENALTIES

3. The charge of Bank Fraud has the following potential penalties:

    (a) Up to 30 years of imprisonment;

    (b) Up to 5 years of supervised release;

    (c) Up to a $1,000,000.00 fine;

    (d) Mandatory special assessment of $100.00; and

    (e) Restitution.

4. The defendant further understands and agrees to pay the mandatory $100 Special Assessment as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that she will be required to do so as a condition of this Plea Agreement. No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of guilty.

## ACCEPTANCE OF RESPONSIBILITY

5. The parties agree, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance with § 3E1.1 of the United States Sentencing Guidelines and, therefore, is entitled to a two level reduction for acceptance of responsibility under the Guidelines.

The parties also agree that if the defendant's base offense level is 16 or higher that the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant

timely notified the United States Attorney's Office of his intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently. Alternatively, if the defendant's offense level is 16 or higher, the government will move under Section 3E1.1(b) to decrease the defendant's guideline level by one-point on the basis that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

## ADVISORY SENTENCING GUIDELINES

6. The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guidelines range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed.

The United States and the defendant agree that the following facts are true for the purpose of calculating of the sentencing guideline sentencing range:

That U.S.S.G §2B1.1 (Theft, Embezzlement, and Other Forms of Theft; Fraud and Deceit) is the applicable Offense Conduct section under the Sentencing Guidelines.

The United States and the defendant agree regarding the defendant's offense level as follows:

Base Offense Conduct (USSG §2B1.1(a)(1) 2002 Manual):     6

| | |
|---|---|
| Specific Offense Characteristic ((b)(1)(C)<br>(more than $10,000 but less than $30,000) | +4 |
| Abuse of Position of Trust (3B1.3) | +2 |
| Acceptance of Responsibility (3E1.1) | <u>-2</u> |
| Total Offense Level | 10 |

7.    The defendant shall make full restitution to the First Bankers Trust in an amount to be determined at sentencing.  A mandatory special assessment of $100.00 shall also be imposed upon the defendant.

The government will not oppose a sentence at the low end of the Guideline range (as a Class B felony, the Guidelines do not allow for a sentence of probation). Under § 5C1.1(c)(2), the Guidelines allow for a sentence of home detention provided that at least one month of the sentence is satisfied by imprisonment. The government will not oppose a sentence permitted at § 5C1.1(c)(2).

The defendant and the United States agree that the above statements regarding Sentencing Guidelines are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware.  The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.  The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum.  The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea

because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

## STIPULATION OF FACTS

8. In pleading guilty, the defendant stipulates and agrees to the following:

The defendant worked at First Bankers Trust ("Bank") in Quincy, Illinois, as a Vice President from approximately 1998 to 2003. From approximately 2001 into 2003, the defendant sold Bank repossessed vehicles and reported a sales price to the Bank which was less than the actual price. Paperwork completed would make it appear that the Bank sold the vehicle to a car dealership and that the dealership sold the vehicle to the buyer. The financing for the buyers' purchase would be done at the Bank and a check would be cut in the customer's name for the agreed upon price. The customer would be directed to sign the check which would then be cashed. Cash would be provided to the Bank and be applied towards other required items such as titles and taxes, and the remaining (undisclosed) cash from the sale would be kept by the defendant. As part of the scheme the defendant fraudulently obtained over $10,000 but less than $30,000. At the time of the fraud the Bank was insured by the FDIC.

## COOPERATION

9. As a condition of this entire plea agreement, the defendant will cooperate fully with law enforcement officials as to his knowledge of and/or involvement in any violation of the criminal laws. All information and testimony given by the defendant must at all times be complete and truthful. This means, for instance, that he must neither minimize his own actions nor fabricate or exaggerate anyone else's actions or involvement. The defendant's status does not

hinge upon obtaining a conviction against anyone else; it is dependent solely upon his being truthful about the facts, whatever those facts may be.

10.     The defendant agrees that if he violates the terms of this cooperation agreement, the government will be completely released from all of its obligations under this plea agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw from any previously entered guilty plea.

11.     The government agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

12.     The government reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range, pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the government's evaluation of the nature, extent, and value of the defendant's assistance, including his truthfulness.

WAIVER OF RIGHT OF APPEAL FROM CONVICTION AND SENTENCE

13.     The defendant is aware that Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that such section and Title 18, United States Code, Section 3742, affords a defendant a right to appeal the sentence imposed. Understanding those rights and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to his plea agreement and conviction in exchange for the concessions made by the United States in this plea agreement. The defendant further waives the right to appeal his sentence, including any fine

or restitution, or the manner in which the sentence, including any fine or restitution, was determined, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatever, excepting however, that the defendant retains the right to appeal any sentence imposed which is above his sentencing guidelines range (upward departure).

## WAIVER OF RIGHT TO COLLATERAL ATTACK

14.    The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction. Notwithstanding the

above, the defendant reserves the right to appeal the imposition of a sentence which is above the sentencing guideline range (upward departure).

## ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

15. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant and his attorney asks the Court to accept this waiver so he can receive the full benefit of this agreement.

## VIOLATION OF AGREEMENT BY DEFENDANT

16. The defendant and his attorney acknowledge that the defendant has read this entire Plea Agreement carefully and has discussed it fully with his attorney. The defendant further understands and agrees that if he violates a term or condition of this Plea Agreement, the United States will be completely released from all of its obligations under this Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw from any previously accepted guilty plea.

17. The defendant further agrees that if he violates the Plea Agreement, the United States will be allowed to move to vacate the defendant's conviction and sentence and reinstate any charges against the defendant at its sole discretion.

18. The defendant also agrees to waive any and all double jeopardy rights and the

statute of limitations should the United States decide to reinstate any charges against the defendant after a violation of the Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw any previously accepted guilty plea.

<u>ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL</u>

19. The defendant and his attorney acknowledge that they have reviewed and defendant understands the possible application of Sentencing Guidelines §1B1.3 (Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

20. The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of his rights. Specifically, the defendant understands that by pleading guilty he is waiving the following rights:

    A. If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or, if agreed by the United States Attorney, to a trial by the judge sitting without a jury. The defendant has a right to a jury trial.

    B. If the trial were a jury trial, the jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

    C. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. In turn, the defendant could present witnesses and other evidence in his own behalf. If the witnesses for the defendant would not appear

voluntarily, their attendance could be compelled through the subpoena power of the Court.

  D. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from the refusal to testify. If the defendant desired to do so, he could testify in his own behalf.

21. I have read this Plea Agreement and have discussed it fully with my client. It accurately and completely sets forth the entire Plea Agreement. I concur in the guilty plea as set forth in this Plea Agreement.

Date: __May 15, 2006__    __s/ John M. Madonia__
             John Madonia
             Attorney for the Defendant

22. Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I fully understand this agreement, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack." I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it.

Date: 5/15/06

Stephen Griggs
Defendant

## ACKNOWLEDGMENT OF THE UNITED STATES

23. I accept and agree to this Plea Agreement for the United States of America.

Date: 5/19/05

s/Patrick D. Hansen
Gregory M. Gilmore
Assistant United States Attorney