IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) ) ) | |
| vs. | ) ) | Case No.     06-30005 |
| **STEPHEN GRIGGS,** | ) ) ) | |
| **Defendant.** | ) | |

## COMMENTARY ON SENTENCING FACTORS

NOW COMES Defendant, STEPHEN GRIGGS, by and through his counsel, John M. Madonia of CAVANAGH, MADONIA & LEAHY LLP, who hereby submits the following commentary on the factors and purposes to be considered when imposing a sentence in this cause:

This commentary shall deal exclusively with three aspects of the ultimate sentence that will be imposed by this Honorable Court on September 25, 2006 at the sentencing in this cause. The three areas of sentencing addressed herein are:

1. the possible assessment of a period of incarceration;

2. the possible imposition of a monetary fine; and

3. the possible imposition of a period of supervised relief.

The purpose of addressing these three particular aspects of the Defendant's sentence is to emphasize that each of them are possibilities as opposed to requirements in this case. We acknowledge, and in fact, welcome the necessity for the Court to consult 18 U.S.C. § 3553 and apply the factors identified therein to the specific circumstances in Stephen Griggs' case

prior to imposing a sentence in this matter. That statute entitled, **Imposition of Sentence**, sets forth several needs for each sentence imposed by a United States District Court. 18 U.S.C. § 3553(a) (2) (A-D) Pursuant to 18 USC § 3553, the sentence imposed in this case needs to:

- A. reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the Defendant's offense of Bank Fraud;
- B. afford adequate deterrent to criminal conduct;
- C. protect the public from further crimes of the Defendant; and
- D. provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The ultimate sentence imposed in this case must be "sufficient, but not greater than necessary, to comply with the purposes" as outlined above. 18 U.S.C. § 3553 (a) We also recognize the need for the Court to apply additional factors to this particular case, including the need to avoid unwarranted sentence disparities among similarly situated defendants and the need to provide restitution to the victim. It is also acknowledged that the Court must consult the recommendations set forth in the United States Sentencing Guidelines as factors to be used to assist the Court in arriving at an appropriate sentence.

To arrive at a just sentence, after due consideration has been given to all of the factors and purposes to be applied to this specific case, we first and foremost ask the Court to decline to impose any additional period of incarceration. It is further requested that the Court decline to impose a monetary fine against the Defendant above and beyond the restitution that shall be ordered on behalf of the victim in this cause. Lastly, we ask the Court to reasonably limit the duration and conditions of any period of supervised release

ultimately imposed by the Court at sentencing.

## 1. Possible Incarceration

With respect to the issue of additional imprisonment as a part of the sentence, the Defendant contends that any imprisonment required to be served in a secured facility as opposed to through community confinement would be inconsistent with the totality of statutory factors that must be applied to determine an appropriate sentence for his specific circumstances. As a consequence, the Court has two options to avoid ordering Stephen Griggs to serve a period of actual physical confinement in a secured facility. To avoid the unnecessary punitive measure of additional physical confinement of the Defendant in a secured facility, the Court must either decline to strictly adhere to the recommendations contained in U.S.S.G. § 5C1.1(c) when imposing the Defendant's sentence, or, the Court must properly depart from the recommendations so contained in said provisions, which the Court may do in response to mitigating factors present in this Defendant's case.

Whatever benefits and accomplishments that society might derive from incarcerating the Defendant in a secured facility for any period of time is absolutely negligible compared to the adverse impact such a sentencing order would have on innocent members of our community, including his family and his employer. Yet that is the result if the Court is to follow the recommendation of the Sentencing Commission as set forth in U.S.S.G. § 5C1.1(c). Strict compliance with that guideline provision would result in a minimum period of incarceration for the Defendant in a secured facility for a period of at least thirty days, which is why the Defendant initially requests that the Court simply decline to impose that portion of the advisory guidelines. Stephen Griggs is the major financial provider for a household that includes a wife and three minor dependents. He is also a dedicated and

dependable employee for an aspiring business in his community. The adverse impact that a prolonged period of physical incarceration would have on his undeserving family and employer is remarkable and worthy of significant consideration by this Court, and because of these considerations, any sentence relating to incarceration would be sufficiently satisfied through the restrictions of community confinement.

In the alternative, if this Court intends to rely on the factors set forth in the United States Sentencing Guidelines, including those set forth in U.S.S.G. § 5C1.1(c), in order to arrive at a reasonable and just sentence, then we ask that the Court find that there are grounds for departure in accordance with U.S.S.G. § 5K2. Specifically, we ask that the Court determine that at least one mitigating circumstance exists in this case to allow a downward departure from the thirty day physical confinement recommendation set forth in § 5C1.1(c) that would otherwise apply to Stephen Griggs. If the Court finds the existence of a mitigating circumstance for any of the reasons suggested in the paragraph to follow, then an appropriate sentence, and the sentence which the Defendant is herein requesting, would include a sentence of imprisonment of one day, which would be considered to have been served at the time of Defendant's processing, with a period of supervised release that includes a condition of community confinement.

The reasons for this specific request related to the incarceration portion of the Defendant's sentence are obvious but worthy of discussion. With respect to the purposes for sentencing, as contained in 18 U.S.C. § 3553, we contend that several months of being monitored and confined to home and work is adequate to reflect the seriousness of the offense of bank fraud. Community confinement is an especially appropriate disposition when considering the overwhelmingly positive history and characteristics of the Defendant.

A sentence of such a nature also serves as a deterrent to others who may be contemplating committing similar offenses. The purpose of deterring others from committing this offense can be better accomplished by other aspects of the sentence thereby making physical confinement to a secured facility unnecessary. For instance, if the Court imposes an order of restitution that requires Defendant Griggs to repay every dime that he ultimately received as part of this offense and Defendant Griggs has to liquidate retirement assets to comply with the Court's order, then there is no incentive at all for others to commit the offense. In addition, the Defendant is now a convicted felon who has lost a decent job as a result of his conduct. The need for deterrence is consequently well resolved with out resorting to removing a father from his family for a prolonged period of time and spending unnecessary governmental resources to house the Defendant in a secured facility.

Furthermore, a period of incarceration does nothing to accomplish the purposes of protecting the public from further crimes of the Defendant or to provide the Defendant with needed educational or vocational training. Stephen Griggs has committed no crime prior to the instant offense and harbors no intentions of committing any crimes after this case has concluded. There do not appear to be any educational or vocational training opportunities offered within the Bureau of Prisons from which the defendant could benefit thereby making a sentence to physical imprisonment solely punitive in nature. In fact, Stephen Griggs has a strong history of using the educational and vocational benefits he has already obtained for the betterment of his family, his employer, and his community, and a period of incarceration would only serve to obstruct his ability to continue to utilize that training for the benefit of his family and the community.

An additional applicable factor which cannot be understated in this particular case

involves the need to prevent the imposition of unwarranted sentencing disparities between like defendants. This case involves a co-defendant, Jeffrey Conn, who was similarly situated as Defendant Griggs. Conn and Griggs received equal amounts in proceeds from the offense (with the exception of one $750.00 transaction ultimately attributed solely to Defendant Griggs), and both were officers within the banking institution at the time of the commission of the offense. Upon information and belief, Conn received a sentence of one day served with community confinement as a condition of supervised release. An identical sentence, with respect to the length and type of incarceration, is essential to prevent the imposition of an unwarranted sentencing disparity between similarly situated defendants who were involved in the same course of conduct.

The Defendant urges the Court to take the purposes for imposing a sentence that have been detailed above, and to take the additional applicable factors to be considered as stated in 18 U.S.C. § 3553, and apply them to the particular facts of this case. By conducting such an analysis, the Court's discretion should be swayed in favor of rejecting the imposition of a term of physical confinement for the Defendant. However, if the Court is still not persuaded to categorically reject the Sentencing Guideline provisions relating a term of imprisonment in a secured facility, then we ask the Court to carefully consider U.S.S.G. § 5H1, which identifies several factors that are present in Stephen Griggs' case to an exceptional degree. Because several of the factors detailed in § 5H1 are present to an exceptional degree in this case, the Court is justified in departing from any mandatory imprisonment that would be otherwise required through strict adherence to the guideline provisions.

A review of the Presentence Investigation Report combined with the expected

testimony provided on behalf of Stephen Griggs at his sentencing hearing, demonstrates that multiple factors set forth in U.S.S.G. § 5H1 are present in this case to an exceptional degree. Specifically, the Defendant has significant family ties and responsibilities, including supporting three dependents. He completed multiple levels of education and has maintained consistent employment to support his family. Because of his employment record, his income is approximately 2 and ½ times more than his spouse, thereby making him the primary provider for his household. He also has no criminal history in addition to an exemplary military service record. We urge the Court to review the Presentence Investigation Report and emphasize ¶¶ 33-37, ¶ 42, ¶ 44, ¶ 52, ¶ 54, ¶¶ 59-60, and ¶ 61 (Monthly Cash Flow) of the Report to support the claim that several Specific Offender Characteristics factors are present for Stephen Griggs. The relevant portions of the Presentence Investigation Report, and the testimony offered on behalf of the Defendant, allows the Court to determine that at least one of several mitigating factors exists for Stephen Griggs to an exceptional degree, and consequently allows the Court to impose a sentence of community confinement to satisfy any perceived need for incarceration to be a component of the ultimate sentence imposed against Griggs. The appropriate result in this case, after applying the purposes and factors of sentencing to the specific facts of Stephen Griggs' circumstances, is to decline to physically incarcerate the Defendant in a Bureau of Prisons facility.

**2.  Assessment of a fine**

It is the Defendant's position that the imposition of a monetary fine in addition to his expected order of restitution is inconsistent with the totality of statutory factors set forth in 18 U.S.C. § 3572 (a) and (b). Even combined with his spouse's total monthly income, including her award for child support, the total monthly surplus income for the Defendant's

household comes to $222.00. The majority of his financial resources are offset by a significant amount of debt that burdens both the Defendant and his dependents. A significant fine imposed in this case would fail to properly consider the impact such a fine would have on the Griggs family and would be inconsistent with the appropriate statutory provisions of 18 U.S.C. § 3553 and 18 U.S.C. § 3572 (a) (2). Additionally, almost one-half of Defendant's retirement savings will be exhausted to make immediate restitution to the First Banker's Trust Company. Further assessment of a financial penalty under the Defendant's particular circumstances mostly serves to punish and burden the otherwise innocent immediate family members of the Defendant and proper application of the sentencing factors for determining the imposition of a fine in this case suggests that the Court should decline to impose additional financial burdens upon the Defendant as part of the final sentence.

However, strict adherence to the Sentencing Guidelines would require a fine to be imposed in this case, and consequently, we ask the Court, for the reasons stated above, to deviate from the applicable guideline provisions as contained in U.S.S.G. § 5E1.2. If the Court determines the need to impose a fine, the total amount to be ordered should reflect the bottom of the guideline range, which begins at $2000.00 for Defendant Griggs. Even the assessment of the guideline recommended minimum amount of $2000.00 is a substantial amount for Stephen Griggs and his family as it represents approximately nine months of surplus income from both household adults. If a fine is to be imposed, factors set forth in U.S.S.G. § 5E1.2 apply in favor of the imposition of a minimum fine in this cause. Such factors include, the burden the fine places on the Defendant and his dependents as well as the restitution the Defendant is obligated to pay. Again, the Defendant is the primary financial

provider for three children ranging in ages from eight to sixteen and anticipates reimbursing $14,250.00 in a lump sum payment as restitution in this case. If a fine is ultimately imposed, the Defendant requests sufficient time to make the payments ordered.

### 3. Supervised Release

As previously stated while commenting on the possible incarceration of the Defendant, it is herein requested that the Court impose some period of supervised release in order to allow the Defendant to serve any sentence of imprisonment on community confinement as a specified condition of his supervised release. We acknowledge that up to five years of supervised release is a possibility for the Defendant at sentencing. The Defendant has certainly shown, by his otherwise lawfully lead life, that the length of supervised release, as well as the restrictive conditions that could be imposed, should be limited in scope and duration. Adherence to the Sentencing Guideline recommendations would result in the assessment of a three year term of supervised release if the Court was to apply the low end of the guideline range. Because of the significant mitigating factors previously identified and discussed in this commentary, especially the Defendant's lack of any criminal history, any period of supervised release up to three years would be sufficient to justify the purposes of sentencing in this cause.

With respect to any specific conditions to be imposed during the period of supervised release, we respectfully request that the Court find that the offense in this case was not drug related and that the Defendant has no history of substance abuse. As a result of such a finding, it is further requested that the Defendant be exempt from mandatory drug testing while on supervised release in accordance with the provisions of 18 U.S.C. § 3563 (a) (5) and 18 U.S.C. § 3583 (d). The Defendant acknowledges the possible imposition of several

discretionary conditions that could be ordered by the Court at sentencing as part of his period of supervised release. For reasons which may be orally addressed at Defendant's sentencing, if the Court chooses to further explore the Defendant's position as to this aspect of Defendant's sentence, Defendant Griggs opposes only the application of 18 U.S.C § 3563 (b) (5) and (b) (10) as possible discretionary conditions imposed as part of any period of supervised release. Again, however, based on the overwhelming positive factors relating to the Defendant's specific characteristics, multiple conditions as a part of supervised release would unnecessarily burden all parties in this cause, including the government.

In light of this discussion, the Defendant requests that any period of supervised release imposed at sentencing be limited to a term not to exceed three years. More importantly, we repeat our request for the Court to impose community confinement as a condition of supervised release if a determination is made that additional imprisonment should be ordered as a part of the Defendant's ultimate sentence. The Defendant also welcomes any conditions of supervised release that the Court deems appropriate to assist the Defendant in remaining a dedicated employee and devoted husband and father. His goal is to continue to be all of those things to his family and to his employer and to remain a productive member of his community. They are lofty goals, but ones that are achievable if the Court accepts the recommendations requested in this commentary to arrive at a fair and reasonable sentence for Stephen Griggs.

**WHEREFORE,** Defendant, Stephen Griggs, respectfully requests that this Honorable Court consider the totality of the applicable sentencing factors and purposes as they apply to the specific case of Stephen Griggs. In doing so, the Court shall resist the recommendations to physically incarcerate the Defendant in a secured facility and impose a

sentence that restricts the Defendant by way of community confinement instead of physical imprisonment. The Court's sentence should also contain an order for restitution in the amount of $14,250.00 for the benefit of First Banker's Trust Company, and consequently decline to impose additional financial fines over and above the restitution. The Defendant further requests that any period of supervised release imposed should be limited in duration and conditions pursuant to the otherwise upstanding, law abiding life lead by Stephen Griggs, with the obvious exception of the regrettable set of decisions that put him in this position. Stephen Griggs has demonstrated that he is worthy of the opportunity to continue to support his family and assist his employer without the seemingly wasteful requirement that he separate from both his family and his job for any prolonged period of time. If given that opportunity, Stephen Griggs will undoubtedly conduct himself as a model member of the community while on supervised release as well as at all times long after this case is closed and stricken. A sentence different from that requested in this commentary would seemingly create an unwarranted sentencing disparity between Stephen Griggs and his co-defendant Jeffrey Conn and would create new victims of the Defendant's conduct, namely his family and employer, even as the initial victim is made whole from the effects of this offense.

Respectfully submitted.

STEPHEN GRIGGS, Defendant

By:  s/  John M. Madonia
John M. Madonia
No. 6243404
Cavanagh, Madonia & Leahy LLP
403 East Adams Street

Springfield, Illinois 62701
Telephone: 217-544-2222

CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2006, I electronically filed the foregojng Commentary on Sentencing Factors with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

Gregory Gilmore
Assistant United States Attorney


s/    John M. Madonia